No. 132          February 22, 2024          173

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Karon V. JOHNSON,
*Petitioner
Cross-Respondent,
and*

Sara MOSS,
Susi Gaylord and James Christo,
*Petitioners below,*

*v.*

CITY OF BEND,
*Respondent
Cross-Respondent,
and*

COLVIN OIL I, LLC,
*Respondent
Cross-Petitioner.*

Land Use Board of Appeals
2023024; A182443

Argued and submitted January 30, 2024.

Karon V. Johnson argued the cause and filed the briefs
*pro se*.

J. Kenneth Katzaroff argued the cause for respondent-
cross-petitioner. Also on the brief was Liz Fancher and
D. Adam Smith and Schwabe, Williamson & Wyatt, P. C.

Before Lagesen, Chief Judge, Hellman, Judge, and DeVore,
Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioners seek judicial review of a final opinion and order of the Land Use Board of Appeals (LUBA). Petitioners raise two assignments of error. In the first, petitioners argue that LUBA erred in holding that petitioners had waived arguments based on sections 1.0.100 and 2.0.100 of the Bend Development Code (BDC). In the second, petitioners argue that LUBA erred in holding that petitioners' challenge to the conditional use permits under BDC 4.4.400(B) was an impermissible collateral attack on the site plan approval, which petitioners had not appealed. Intervenors cross-appeal, assigning error to LUBA's holding that approval of the site use plan did not constitute a binding determination of compliance with the conditional use permit approval criteria. We affirm.

Here, both petitioners and intervenors contend that LUBA's order is "unlawful in substance" under ORS 197.850(9)(a). Accordingly, "[w]e review LUBA's interpretation of the law for legal error." *Coopman v. City of Eugene*, 327 Or App 6, 10, 534 P3d 1105 (2023). In so doing, we note that LUBA was required to give deference to Bend's interpretation of its own city code. *See Siporen v. City of Medford*, 349 Or 247, 258-59, 243 P3d 776 (2010) (explaining that a governing body's "interpretations" of its land use code are given deference as described in ORS 197.892(1)).

Having reviewed the record and fully considered the parties' briefs and oral argument, we conclude that neither party has demonstrated that LUBA erred in its interpretation of the law. Accordingly, LUBA's order is not unlawful in substance.

Affirmed.